A. L. HART. v. J. C. M. STINSON, as Constable.

185 So. 139.

Opinion Filed December 10, 1938.

*C. Rogers Wells,* for Petitioner;

*George Couper Gibbs,* Attorney General, *John L. Graham,* Assistant Attorney General, and *Truman G. Futch,* for Respondent.

*Duncan, Hamlin & Duncan,* and *A. S. Herlong, Jr.,* as *amici curiae.*

WHITFIELD, J.—In habeas corpus proceedings it appears that petitioner is in custody under three warrants issued by a Justice of the Peace in Lake County, Florida, each warrant charging that the petitioner "did unlawfully operate on and over a public highway of the State of Florida * * * a motor vehicle." The vehicles stated in the warrants being:

(1) "an Oliver tractor which said tractor was equipped with four wheels and was propelled by power other than muscular power;"

(2) "one Oliver tractor to which had been and was then and there attached and added a two-wheel trailer designed for the purpose of conveying or carrying agricultural tools and equipment, and upon which was then and there loaded and being hauled a set of harrows;"

(3) "a truck, being a unit consisting of an Oliver tractor to which had been and was then and there attached and coupled a trailer;

Each warrant alleges that such vehicle, truck or unit "did not then and there have affixed thereto the proper license plate or tag issued by the Motor Vehicle Commissioner of the State of Florida showing payment of the registration fee and taxes as provided by the statute of the State of Florida, contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Florida."

The statutes of Florida contain the following: "The term 'motor vehicle' * * * shall include motorcycles, automobile, motor trucks, and all other vehicles operated over the public streets and highways of this State, and propelled by power other than muscular power, except tractor engines, road rollers, and such vehicles as run only upon a track." * * *

" 'Trailer' as defined in this Chapter shall include all four wheel vehicles coupled to or drawn by a motor vehicle.

" 'Semi-trailer' as defined in this Chapter shall include any two wheel vehicle coupled to or drawn by any motor vehicle. * * *

" 'Trucks' as defined in this Chapter shall include any motor vehicle designed or used principally for carrying things other than passengers, and includes a motor vehicle to which has been added a cabinet box, platform, rack or other equipment for the purpose of carrying merchandise other than the person or effects of the passengers. Also any unit consisting of tractor and trailer so constructed as to haul merchandise or loads other than persons.

" 'Tractor' as defined in this Chapter shall include any motor vehicle having four or more wheels designated or used for drawing other vehicles, but having no provisions for carrying loads independently." Sec. 1280 (1006) C. G. L.

"Every owner, or person in charge of a motor vehicle or vehicles, trailer, semi-trailer, or motorcycle side car, which shall be operated or driven upon the highways of the State, or which shall be maintained in this State, shall for each such vehicle or vehicles so owned, cause to be filed by mail or otherwise, in the office of the State motor vehicle commissioner of the State of Florida, a certified application for registration of same on a blank to be furnished for that purpose. * * * " Sec. 1281 (1007) Perm. Supp. C. G. L.

Registration fees and license taxes are prescribed in section 1285 (1011) Perm. Supp. to C. G. L., Section 3, Chapter 16085, Acts of 1933, and the word 'tractor' does not appear therein, though the words "motor vehicles," "trailers and semi-trailers" and "trucks" do appear.

Each of the warrants under which the petitioner is held states that he "did unlawfully operate" the stated motor vehicle on and over the public highways of the State of Florida without a license plate or tag attached thereto,

contrary to the statute; and the facts constituting such operation on and over the highways are not alleged in the warrants or otherwise fully disclosed so as to show, as claimed by the petitioner, that such motor vehicles or either of them or the trailers are of such nature and were being so used as not to subject them to the statute, or were not being so operated on or over the highways as to make them subject to the registration fees and the license taxes imposed by the statute; therefore the petitioner should be remanded.

However, if a unit of tractor and trailer, or a tractor, is so constructed and used to haul merchandise or loads other than persons, that it becomes a truck, it is subject to the license provision of the statute. If it be shown at a trial that each such tractor, or tractor and trailer, was being operated on the highways merely as a means of passage to and from a field, orchard or other place where the tractors, or tractor and trailer, and their loads, if any, were to be used for present current agricultural, horticultural or other crop producing purposes, and the public highways were not being used by such tractors or trailers for distinct motor vehicle or trailer transportation purposes, but the highways were merely used for very short distances in passing to and from the owner's home or farm or grove or orchard headquarters to such farm, grove or orchard or other place of production, the tractor or trailer and load to be there used by or for the owner in his crop productions, then in such cases the intendments of the statute as now framed may not be thereby violated if such use is not unduly injurious to the roadway or dangerous to the lawul users of the highways.

THE PETITIONER IS REMANDED.

TERRELL, C. J., and BROWN, BUFORD, CHAPMAN, and THOMAS, J. J., concur.